UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALERIE ALCALAN, <br><br> Plaintiff, <br><br> vs. <br><br> CONN'S, INC. and <br> CONN APPLIANCES, INC. <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § CAUSE NO. 5:15-cv-976 <br> § <br> § <br> § <br> § <br> § |

**COMPLAINT OF VALERIE ALCALAN AND APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

For this Complaint, the Plaintiff, Valerie Alcalan, by and through the undersigned counsel, states as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), Texas Business & Commerce Code, Chapter 305, et seq. and Defendants' invasions of the Plaintiff's personal privacy.

2. Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that one or more of the Defendants transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff Valerie Alcalan (hereinafter "Plaintiff") is an adult individual presently resides in San Antonio, Texas and is a "Person" as defined by 47 U.S.C. § 153(39).

5. Defendant Conn's, Inc. ("CI") is a Delaware corporation with its principal place of business at 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381, which may be served with process by serving its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant Conn Appliances, Inc. ("CAI") is a Texas corporation with its principal place of business at 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381, which may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant CAI is a wholly-owned subsidiary of Defendant CI (Collectively "Conn's" or "Defendants").

8. Whenever it is alleged herein that Defendants did any act, it is meant that:

   A. The Defendants performed or participated in the act, and/or

   B. The Defendants' officers, agents, trustees or employees performed or participated in the act on behalf of and under the authority of Defendants.

## FACTS

*A. Background facts about Conn's.*

9. Defendants both operate under the assumed business names "Conn's" and "Conn's HomePlus" which are trademarks owned by CI.

10. Conn's is a specialty retailer currently operating approximately 100 retail locations in Arizona, Colorado, Georgia, Louisiana, Mississippi, Nevada, New Mexico, North Carolina, Oklahoma, South Carolina, Tennessee and Texas.

11. Conn's has two reportable business segments: retail and credit.

12. Conn's engages in retail sales of home appliances (*e.g.*, washers, dryers, refrigerators, stoves etc.), consumer electronics (*e.g.*, plasma TV's, digital cameras, camcorders), computers, and furniture.

13. The credit segment of Conn's provides short-term and medium-term financing for its retail customers.

14. Conn's provides financing to customers considered to be sub-prime borrowers, who have limited credit history, low income or past credit problems, which entails a higher risk of customer default, higher delinquency rates and higher losses than extending credit to more creditworthy customers.

15. The liquidity position and profitability of Conn's are heavily dependent on Conn's ability to collect its customer receivables.

16. Conn's employs over 700 individuals in its collections department and utilizes collections agencies as well in collection efforts.

17. Conn's employs a credit collection strategy that includes autodialer-based calls, e-mails, text messages, virtual calling and messaging systems.

18. Conn's ability to manage its credit operations largely depends on the efficient operation of its computer hardware and software systems.

19. Conn's uses information systems to manage its credit portfolio, including management of collections.

### B. Facts Related To Plaintiff.

20. Beginning in late 2014 or early 2015, Conn's began to place telephone calls to Plaintiff's cellular telephone, number 817-XXX-8459.

21. At all times referenced herein, Conn's called Plaintiff's cellular telephone using an artificial or prerecorded voice and/or an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

22. Conn's called Plaintiff from various telephone numbers, which would change nearly every day, and sometimes change multiple times a day.

23. On certain occasions, when Plaintiff answered the calls from Conn's she would experience a brief pause, and subsequently would be connected to a representative that would announce that they were seeking an individual named "Ashley" and that there is a past due balance.

24. When Plaintiff was connected to a live representative of Conn's, she could hear the chatter of a noisy call center in the background.

25. On some days, Conn's call activity was more egregious than others, with more than 10 calls being placed to Plaintiff's cellular telephone in a single day.

26. Plaintiff has advised Conn's that she does not know the individual that Conn's is seeking. Nevertheless, Conn's continued to call Plaintiff's cellular telephone.

27. Plaintiff has advised Conn's that Conn's has the wrong phone number. Nevertheless, Conn's continued to call Plaintiff's cellular telephone.

28. Plaintiff has instructed Conn's to stop calling her cellular telephone number. Nevertheless, Conn's continued to call Plaintiff's cellular telephone.

29. Plaintiff does not know how Conn's acquired her cellular telephone number.

30. Plaintiff has never provided Conn's with express consent to place calls to her cellular telephone number.

31. On or about September 18, 2015, Plaintiff's counsel sent Conn's a letter advising Conn's that it was in violation of the TCPA and that Plaintiff demanded that the calls stop. Nevertheless, the calls continued through at least September 28, 2015.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. An "automatic telephone dialing system" is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

34. The Federal Communications Commission ("FCC") has interpreted an ATDS to cover "any equipment" with the capacity to "generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14092 (July 3, 2003) ("2003 TCPA Order").

35. A "predictive dialer" is considered an ATDS under the TCPA. *Id.* at 14093.

36. The FCC defines a "predictive dialer" as being "equipment that dials numbers and, when certain computer software is attached, also assists [] in predicting when a [] agent will be available to take calls." *Id.* at 14014, 14091-93.

37. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* at 14022.

38. Additionally, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call." *Id.* at 14022.

39. At all times mentioned herein, and within four years prior to the filing of this action, Conn's called Plaintiff on her cellular telephone using an ATDS and/or using a prerecorded or artificial voice.

40. Plaintiff's telephone number called by Conn's was assigned to a cellular telephone service.

41. Conn's telephone system(s) has the characteristics of an ATDS.  For example, on those occasions when Plaintiff answered calls from Conn's, she heard 'dead air' for a period of time before Conn's telephone system would connect her to the next available representative.

42. The calls from Conn's to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Calls that Conn's placed to Plaintiff's cellular telephone number violated 47 U.S.C. § 227 *et seq.*

44. Despite Plaintiff directing Conn's to cease all calls to her cellular telephone, Conn's continued to place automated telephone calls to Plaintiff.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

45. As a result of each call made by Conn's in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

46. As a result of each call made by Conn's in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF TEX. BUS. & COM. CODE, CHAPTER 305 *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

49. Conn's is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

50. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, *et seq.* may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

51. Plaintiff is entitled to a temporary injunction and a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

52. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Conn's.

53. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Conn's that the Court finds was made knowingly or intentionally.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against the Defendants:

1. That after due notice and hearing, a TEMPORARY INJUNCTION be issued; and upon final hearing a PERMANENT INJUNCTION be issued, restraining and enjoining Defendants, Defendants' successors, assigns, officers, agents, servants, employees and attorneys and any other person in active concert or participation with Defendants from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227, *et seq.*; and

2. That judgment be entered against the Defendants for statutory damages of Five Hundred Dollars ($500.00) for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B); and

3. That judgment be entered against the Defendants for treble damages of up to One Thousand Five Hundred Dollars ($1,500.00) for each and every willful and/or knowing violations pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

4. That judgment be entered against the Defendants for statutory damages of Five Hundred Dollars ($500.00) for each and every negligent violation pursuant to Section 305-053(b) of the Texas Business & Commerce Code; and

5. That judgment be entered against the Defendants for statutory damages of the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation that was made knowingly or intentionally pursuant to Section 305-053(c) of the Texas Business & Commerce Code; and

6. That the Court order such other and further relieve as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED this 8th day of November, 2015.

    Respectfully submitted,

**EASTMAN, LIBERSAT & MEYLER, PC**

BY: /S/ SAMUEL W. EASTMAN
    SAMUEL W. EASTMAN
    Texas State Bar No. 24072438
    E-mail: sam.eastman@elmlegal.com
    SAMUEL M. MEYLER
    Washington State Bar No. 39471
    E-mail: sam.meyler@elmlegal.com
    1706 E. Sixth Street
    Austin, TX 78702
    Tel: (844) 466-7326
    Fax: (512) 879-1861
**ATTORNEYS FOR PLAINTIFF**